IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KERRY D. FRITZ II,<br><br>             Plaintiff,<br><br>      vs.<br><br>KERN COUNTY, et al.<br><br>             Defendants. | No. CV-F-07-377 OWW/TAG<br><br>MEMORANDUM DECISION GRANTING IN PART AND DENYING IN PART DEFENDANT COUNTY OF KERN'S MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT (Doc. 28) AND DEFENDANT CRESTWOOD BEHAVIORAL HEALTH, INC.'S MOTION TO DISMISS (Doc. 34) WITH LEAVE TO AMEND; DENYING PLAINTIFF'S "REQUEST FOR ALLOWANCE OF DELAY OF RESPONSIVE PLEADINGS" (Docs. 15 & 37); AND ORDERING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT WITHIN 30 DAYS OF FILING DATE OF THIS ORDER |

Plaintiff Kerry D. Fritz II, proceeding *in pro per*, has filed a first amended complaint (FAC).  Defendants are the County of Kern and Crestwood Behavioral Health, Inc. (incorrectly sued as Crestwood Corp.).[1]

Defendants Kern County and Crestwood have filed motions to dismiss the FAC for failure to state a claim upon which relief

---

[1] The FAC also names "Omnicare, Inc." as a Defendant.  This Defendant was dismissed by Order filed on July 13, 2007.

1

can be granted pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, and because the FAC does not comply with Rule 8, Federal Rules of Civil Procedure.

    **A. <u>GOVERNING STANDARDS</u>.**

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. *Novarro v. Black*, 250 F.3d 729, 732 (9th Cir.2001). Dismissal of a claim under Rule 12(b)(6) is appropriate only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory or where the complaint presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir.1984). In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir.2002). The court must construe a *pro se* plaintiff's pleadings liberally in determining whether a claim has been stated. *Ortez v. Washington County, State of Or.*, 88 F.3d 804, 807 (9th Cir. 1996); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir.2003). Immunities

and other affirmative defenses may be upheld on a motion to dismiss only when they are established on the face of the complaint.  *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir.1999); *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980)  When ruling on a motion to dismiss, the court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the court takes judicial notice.  *Parrino v. FHP, Inc*, 146 F.3d 699, 705-706 (9th Cir.1988).

Rule 8(a)(2), Federal Rules of Civil Procedure, requires that a pleading set forth a short and plain statement of the claim showing that the pleader is entitled to relief.  Under Rule 8(a)(2), a pleading must give fair notice and state the elements of the claim plainly and succinctly.  *Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  A complaint that is verbose, conclusory and confusing does not comply with Rule 8(a)(2).  *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981).  However, before a district court's dismissal of a complaint without leave to amend will be affirmed, the district court must have first adopted less drastic alternatives, such as advising plaintiff of the deficiencies in the pleading and giving leave to amend to correct them.  *Id.*

B.   <u>DESCRIPTION OF FAC</u>.

The FAC is 94 pages long and is comprised of 425 paragraphs which took over an hour for the Court to read.  The portion of

the FAC entitled "Common Factual Background" runs from Paragraph 8 to Paragraph 397.  The "Common Factual Background" is essentially a narrative description of virtually everything Plaintiff alleges happened to him, on a blow by blow basis.  The FAC includes references to alleged events that preceded any conceivable factual or legal basis for Plaintiff's claims and that have no real relevance to his claims, references, practically word by word of conversations Plaintiff allegedly had with numerous persons, letters that Plaintiff allegedly wrote or received from various persons, telephone calls he allegedly made, references to information that appears to have no relevance or materiality to any claim(s) Plaintiff may be attempting to allege.  Both Defendants correctly argue that the FAC does not comply with Rule 8(a)(2).  The FAC appears to allege that Plaintiff was arrested without probable cause and/or on fabricated evidence for a misdemeanor violation of a temporary restraining order pursuant to California Penal Code § 166(4), which temporary restraining order was obtained against Plaintiff by one of his neighbors; that Plaintiff was subjected improperly to mental competency proceedings pursuant to California Penal Code § 1368, which resulted in his remand to Crestwood; that Plaintiff was kept at Crestwood longer than he would have been incarcerated if he had been convicted of violation of the temporary restraining order, which resulted in the dismissal of the misdemeanor charge; that, while detained at Lerdo, Plaintiff was denied x-rays for a back injury which would have shown that

his back was broken; and that Plaintiff was denied the effective assistance of public defenders.

Plaintiff's oppositions to these motions are of little or no assistance to the Court. For example, Plaintiff refers to the specificity requirements of Rule 9(b), Federal Rules of Civil Procedure. However, the FAC is not based on fraud or mistake but based on alleged violations of constitutional rights. Rule 9(b) does not apply. Plaintiff refers to various treatises concerning pleading requirements. However, this Court and Plaintiff are bound by the Federal Rules of Civil Procedure as construed by the Supreme Court and the Ninth Circuit.

Defendants cannot be expected to respond to a pleading of such length and prolixity, containing many irrelevancies and ambiguities. Plaintiff is ordered to file a Second Amended Complaint. The Second Amended Complaint must clearly and succinctly allege only those facts relevant to his claims, clearly name only those employees or officers of Defendants who Plaintiff contends violated his constitutional rights and what they did or did not do to violate his rights, and must clearly state the legal basis for the claims. A complaint is not a novel - background allegations and evidentiary detail are simply unnecessary and violate Rule 8(a)(2). Short and plain statements of the elements of the claims showing that Plaintiff is entitled to relief and giving the Defendants fair notice of those claims are required. Plaintiff is advised that a continued failure to comply with the requirements of Rule 8(a)(2) is grounds for

5

dismissal of an action without further leave to amend.

In opposing these motions to dismiss, Plaintiff asserts that Defendants do not dispute the factual allegations of the FAC, thereby admitting them, and argues that Defendants have waived affirmative defenses, including immunities from liability.

Plaintiff's assertions are without merit.  As Defendants note, Rule 12, Federal Rules of Civil Procedure, provides in pertinent part:

> **(g) Consolidation of Defenses in Motion.  A party who makes a motion under this rule may join with it any other motions herein provided for and then available to the party. If a party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted, except a motion as provided in subdivision (h)(2) on any of the grounds there stated.**
>
> **(h) Waiver or Preservation of Certain Defenses.**
>
> **(1) A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from the motion in the circumstances described in subdivision (g), or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.**
>
> **(2) A defense of failure to state a claim upon which relief can be granted, a defense of failure to join a party indispensable under Rule 19, and an objection of failure to state a legal defense to a claim may be made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at the trial on**

>     the merits.
>
>     (3) Whenever it appears by
>     suggestion of the parties or otherwise that
>     the court lacks jurisdiction of the subject
>     matter, the court shall dismiss the action.

Pursuant to these rules, Defendants have not waived any affirmative defenses, such as immunities. A motion to dismiss for failure to state a claim is not a responsive pleading. *See Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir.1986). Therefore, the filing of the motions to dismiss does not result in Defendants' admissions of any allegations in the FAC. That can only be done by admissions in Defendants' Answers when such are required to be filed by the Federal Rules of Civil Procedure or Court order.

The Court *sua sponte* addresses an issue evident in the FAC. The FAC only names the County of Kern and Crestwood as defendants. Although the allegations of the FAC refer to numerous individuals by name, no Doe Defendants are alleged. However, Paragraph 7 of the FAC alleges:

>     All defendants are hereby sued in their
>     official capacity except to the extent that
>     the Plaintiff's recovery would not allow an
>     amount of compensation in the amount of
>     $270,000 for actual damages, in order to
>     preserve compensatory and/or punitive damages
>     claims, in which case the respective
>     defendants are also sued in their individual
>     capacities. No address is known for any of
>     the individual defendants to be able to
>     effect service of process.

Plaintiff cannot proceed in this fashion. If he intends to sue any individuals in their personal capacities, he has to name

each of the individuals in the pleading and serve them with the summons and complaint in compliance with Rule 4, Federal Rules of Civil Procedure.  Plaintiff cannot wait until he obtains a monetary judgment and then sue them.[2]

Although Plaintiff is proceeding *in pro per*, Plaintiff is required to familiarize himself and comply with the Federal Rules of Civil Procedure, the Local Rules of Practice for the Eastern District of California, and any Court orders.  Rule 83-183(a), Local Rules of Practice, provides in pertinent part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil ... Procedure and by these Local Rules.  All obligations placed on 'counsel' by these Local Rules apply to individuals appearing <u>in</u> <u>propria</u> <u>persona</u>.  Failure to comply therewith may be ground for dismissal ... or any other sanction appropriate under these Rules.

C.   **FAILURE TO COMPLY WITH CALIFORNIA GOVERNMENT TORT CLAIMS ACT**.

The caption of the FAC purports to state claims for false imprisonment and negligent infliction of emotional distress.

To the extent that the FAC alleges such causes of action,

---

[2] On June 27, 2007, Plaintiff filed a motion captioned "Plaintiff's Request for Allowance of Delay of Responsive Pleadings Pursuant to L.R. 1-102(d)" (Doc. 15).  On July 31, 2007, Plaintiff filed a pleading purporting to notice this motion for hearing before Magistrate Judge Goldner on September 4, 2007 (Doc. 37).  This motion is denied as moot.  The motion is referring to the responsive pleadings required to be filed by Defendants.  Because Defendants filed these motions to dismiss after Plaintiff filed the motion and because no responsive pleading will be required to be filed by Defendants until the motions to dismiss are finally resolved and Defendants ordered to Answer, there is no basis for hearing or resolving Plaintiff's motion.

1 the County moves to dismiss them as untimely pursuant to the
2 California Government Tort Claims Act.
3   The County requests the Court to take judicial notice of
4 Plaintiff's tort claim against the County filed on March 28, 2006
5 pertaining to Plaintiff's arrest on December 10, 2005.  This tort
6 claim states in pertinent part:

> 3.  State the date, place and other
> circumstances of the accident or event(s)
> giving rise to the claim.
>
> On December 10th, Fritz was arrested for
> allegedly violating a temporary restraining
> order which was filed by a man who was
> previosly [sic] complained about by Fritz to
> various governmental agencies due to his
> sitting at the bar (which he refers to in his
> Petition for Restraining ORder [sic], as a
> 'store', and used to make his ten and twelve
> year old kids visit him at the bar by riding
> illegal and peace-disturbing motorcycles past
> Fritz's house.  Fritz had also previously
> complained to the Sheriff's Department
> internal affairs with respect to the
> arresting officers as to how he [sic] wrote a
> false report approx. 6 months prior to this
> incident where Fritz wanted to report an
> assault but the officer made it look on that
> report, not only that Fritz was not
> assaulted, but also that Fritz did not want
> to file a report.
>
> Fritz has been waiting to test the present
> evidence agains [sic] him since December
> 10th, 2005, and such has been denied
> [indecipherable].
>
> 4.  Provide a general description of the
> injury, damage or loss incurred as far as may
> be known.
>
> Loss of liberty, denial of cross-examination,
> had made promises to the government of
> Indonesia and Kern COunty [sic] businesses,
> and has a car in Sri Lanka that he hasn't
> been able to pay storage charges on since

>     November.  See Glenn ROberts [sic] of the
>     Kern COunty [sic] Export Assistance Center
>     for confirmation of Fritz having made
>     contacts in the tsunami-affected region of
>     Indonesia to held buil [sic] factories (fish
>     processing and palm oil processing).
>
>     5.  Provide the name or names of the public
>     employee or employees causing the injury,
>     damage or loss, if known:
>
>     Sheriff's Deputy Wright, Deputy Leonard, Sgt.
>     Wintery, Judge Moench, A.D.A Ingrum, [forced]
>     defense counsel Ed Bagelin, Judge Phillips,
>     et al.
>
>     ...
>
>     7.  Please state any additional information
>     which may be helpful in considering this
>     claim.
>
>     Defendant in minor criminal proceedings
>     remains incarcerated due to A.D.A. Ingrum,
>     when defendant refgused [sic] 19 days time-
>     served ally [sic] incompetent to stand trial
>     merely because he (defendant) disagrees with
>     the factual allegations within the police
>     report and the matter has not proceeded to
>     trial to allow the defendant to test, through
>     cross-examination, the witnesses against him,
>     where the kid already has exculpated the
>     defendant within the civil restraining order
>     hearing, but judge not paying attention to
>     the physical 'circumstances' of the
>     exculpation.

A second tort claim was filed on April 27, 2006 and pertains to an injury Plaintiff suffered at Lerdo on December 27th, 2005 and subsequent failure to treat.  This second tort claim states in pertinent part:

>     3.  State the date, place and other
>     circumstances of the accident or event(s)
>     giving rise to the claim.
>
>     On December 27th, 2005, claimant was jumped

10

|   |   |
|---|---|
| 1 | in his cell by another inmate and thereafter injured his back while defending himself, as |
| 2 | another inmate had blocked the doorway inside the cell so that Fritz could not escape as |
| 3 | well as a third inmate was blocking the outside of the cell so that Fritz could not |
| 4 | push the attacker, nor the second inmate, who was standing inside the cell, out of the |
| 5 | cell.  Fritz had requested an x-ray shortly afterward, but such request was no not [sic] |
| 6 | honored by the prison doctor until two months later.  Apparently there is a disk that was |
| 7 | displaced and Fritz is scheduled for an operation at Kern Medical Center. |
| 8 |   |
| 9 | This request for additional monetary damages is made as a supplement to a previously-made [sic] claim for the arrest and continued |
| 10 | incarceration without a jury trial where the A.D.A. doesn't want to lose, so he has been |
| 11 | playing games referred to in those actions for appeal and application for writ of habeas |
| 12 | corpus. |
| 13 | .... |

Also attached to the Request for Judicial Notice is a Notice of Action Taken on Claim authored by Mr. Newell dated May 24, 2006. This Notice refers to the "date of incident" as 12-10-2005 and states:

> NOTICE IS HEREBY GIVEN that the claim you submitted to the Clerk of the Kern County Board of Supervisors on 3-28-2006 was not acted upon by the Board.  The claim is deemed rejected by operation of law forty-five (45) days after the date the claim was so presented.
>
> **WARNING**
>
> Subject to certain exceptions, you have only six (6) months from the date this notice was deposited in the mail to file a court action on this claim.  (See Government Code § 945.6).

Six months from the date of denial of the tort claim ran on

1  approximately October 24, 2006.  This action was filed on March
2  9, 2007.  Therefore, the County moves to dismiss the supplemental
3  causes of action.
4      The County's motion to dismiss on this ground is DENIED
5  WITHOUT PREJUDICE.  California Government Code § 945.3 tolls the
6  six month statute of limitations for filing a civil action by an
7  accused person for damages for alleged police misconduct while
8  criminal charges against the accused are pending.  Section 945.3
9  provides in pertinent part:

> No person charged by indictment, information,
> complaint, or other accusatory pleading
> charging a criminal offense may bring a civil
> action for money or damages against a peace
> officer or the public entity employing a
> peace officer based upon conduct of the peace
> officer relating to the offense for which the
> accused is charged, including an act or
> omission in investigating or reporting the
> offense or arresting or detaining the
> accused, while the charges against the
> accused are still pending.
>
> Any applicable statutes of limitations for
> filing and prosecuting these actions shall be
> tolled during the period that the charges are
> pending before a superior court.
>
> ...
>
> Nothing in this section shall prohibit the
> filing of a claim with the board of a public
> entity, and the section shall not extend the
> time within which a claim is required to be
> presented pursuant to Section 911.2.

23  The FAC alleges in Paragraph 387 that the underlying criminal
24  charge against Plaintiff was dismissed on September 9, 2006.
25  March 9, 2006 is six months later.  Therefore, to the extent that
26  the supplemental causes of action are based on police misconduct

leading to the criminal charge against Plaintiff, it cannot be determined as a matter of law for purposes of Rule 12(b)(6) that these causes of action are time-barred because of failure to comply with the California Tort Claims Act. While the same may not be true with regard to the allegations in the supplemental tort claim, this determination again cannot be made as a matter of law under Rule 12(b)(6).[3]

D. **FAILURE TO PLEAD *MONELL* LIABILITY**.

The County moves to dismiss the FAC on the ground that "there is no appropriate allegation of the existence of any policy, custom or practice of the County that caused a violation of Plaintiff's constitutional rights, nor is there evidence of such a pattern of municipal activity."

In the Ninth Circuit, an allegation based on nothing more that a bare averment that the officials' conduct conformed to official policy, custom, or practice suffices to state a claim under Section 1983. *See Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 624 (9th Cir.1988); *Shah v. County of Los Angeles*, 797 F.2d 743, 747 (9th Cir.1986); *Guillory v. County of Orange*, 731 F.2d 1379, 1382 (9th Cir.1984).

Here, although the FAC is extremely confusing and verbose,

---

[3] It is well settled that negligent infliction of emotional distress is not an independent tort; rather it is the tort of negligence to which the duty element applies. *Marlene F. v. Affiliated Psychiatric Med. Clinic, Inc.*, 48 Cal.3d 583, 588 (1989). Where injury such as mental and emotional distress is caused by the constitutional violation, that injury is compensable under § 1983. *Anderson v. Cent. Point Sch. Dist.*, 746 F.2d 505, 508 (9th Cir.1984); *Carey v. Piphus*, 435 U.S. 247, 263-264 (1978).

the FAC does allege policies or customs of the County that purportedly led to Plaintiff's claimed inquiries. This is not a pleading where no allegations are made. Nonetheless, because the FAC must be repleaded to comply with Rule 8(a)(2), Plaintiff is ordered to make the allegations upon which he intends to rely in imposing government liability under Section 1983 against the County more clear and specific.

E. **CRESTWOOD - SUBJECT MATTER JURISDICTION**.

Crestwood also moves to dismiss the FAC on the ground that the basis of subject matter jurisdiction of Plaintiff's claims against it is not stated or not stated with any clarity.

Rule 8(a)(2) requires a "short and plain statement of the grounds upon which the court's jurisdiction depends." The FAC alleges that "Plaintiff brings this 42 U.S.C. section 1983 suit for constitutional rights violations under the U.S. federal jurisdiction codes 28 U.S.C. § 1331, § 1343(a)(3), and § 1367."

Crestwood argues:

> [P]laintiff has failed to establish federal jurisdiction. He merely cites a statute, but fails to plead facts essential to a cause of action for violating that statute. He has not clearly set forth the nature of the federal right that he claims was allegedly violated. Even with a liberal reading, his claim is insubstantial, and requires not meaningful consideration. Plaintiff has not included facts sufficient to allege jurisdiction.

It appears that Crestwood is contending that it is not a "state actor" for purposes of 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he or

14

she was deprived of a right secured by the Constitution or federal law; and (2) the defendant acted 'under color of state authority' in depriving the plaintiff of this right ... An allegation that a private person conspired with a state official satisfies the requirement that a defendant acted under color of state authority. *Franklin v. Terr*, 201 F.3d 1098, 1100 (9th Cir.2000). In *Degrassi v. City of Glendora*, 207 F.3d 636, 647 (9th Cir.2000), the Ninth Circuit explained:

> ... Under § 1983, a claim may lie against a private party who 'is a willful participant in joint action with the State or its agents. Private persons, jointly engaged with state officials in the challenged action, are acting 'under color' of law for purposes of § 1983 actions.' *Dennis v. Sparks*, 449 U.S. 24, 27-28 ... (1980). However, a bare allegation of such joint action will not overcome a motion to dismiss; the plaintiff must allege 'facts tending to show that [the defendants] acted "under color of state law or authority."' *Sykes v. State of Cal. (Dep't. of Motor Vehicles)*, 497 F.2d 202 (9th Cir.1974).

*See also Sutton v. Providence St. Joseph Medical Center*, 192 F.3d 826, 834-836 (9th Cir.1999).

Because the FAC will be amended, Crestwood's motion for dismissal on this ground is DENIED WITHOUT PREJUDICE. It appears that Crestwood's involvement with Plaintiff resulted from a court ordered competency proceeding. However, there are also allegations in the FAC that Crestwood or its employees violated Crestwood's "Patient's Bill of Rights" and forced Plaintiff to take medication. Nonetheless, there are suggestions, very unclearly pleaded, that Crestwood and its employees conspired

with Kern County officials to keep Plaintiff incarcerated at Crestwood for too long a time.  It is impossible to tell from the present allegations whether there is subject matter jurisdiction over Plaintiff's claims against Crestwood.[4]

## CONCLUSION

For the reasons stated above:

1.  Defendants County of Kern and Crestwood Behavioral Health, Inc.'s motions to dismiss are **DENIED IN PART WITHOUT PREJUDICE AND GRANTED IN PART WITH LEAVE TO AMEND.**

2.  Plaintiff shall file a Second Amended Complaint as stated above within 30 days of the filing date of this Memorandum Decision.  Failure to timely comply will result in dismissal of this action.

IT IS SO ORDERED.

Dated:   August 29, 2007                     /s/ Oliver W. Wanger
                                         UNITED STATES DISTRICT JUDGE

---

[4] In so ruling, no final opinion is expressed with regard to Crestwood's contentions.

16