IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KERRY D. FRITZ, II,<br><br>    Plaintiff,<br><br>v.<br><br>KERN COIUNTY, et al.,<br><br>    Defendants. | Case No. 1:07-cv-0377 OWW TAG<br><br>ORDER DENYING PLAINTIFF'S MOTION RE FED.R.CIV.P. 57<br><br>(Docs. 20, 36) |

On July 5, 2007, plaintiff Kerry D. Fritz II, proceeding *in propria persona,* filed a motion captioned "Plaintiff's 1st Fed.R.Civ.P. 57 Motion - Length of Incarceration." (Doc. 20).  On July 31, 2007, plaintiff filed a pleading purporting to notice it for a hearing before the magistrate judge on September 4, 2007, which was vacated by minute order dated August 28, 2007.  The court now issues a written ruling on plaintiff's motion.

**DISCUSSION**

Plaintiff's motion is somewhat unintelligible as to what he wants and why he is entitled to it. It appears that plaintiff seeks an early partial "declaratory" ruling or judgment declaring that his remand to Crestwood and/or the length of time he was incarcerated was unlawful, in the hope that it will assist him by "provid[ing] a starting point" for Fed.R. Civ.P.16[1] and 26[2] disclosures, or

---

[1] Rule 16 pertains to pretrial conferences and orders.

[2] Rule 26 pertains to initial disclosures and discovery.

providing "help in resolving" Fed.R. Civ.P. 12[3] and 56[4] attempts by defendants. (Doc. 36). Plaintiff provides the following four grounds in support of his motion.

> "1) Defendants Kern County and Crestwood Corp. violated well-established law by the incarceration of Fritz, without trial, past the maximum sentence allowed pursuant to Ca. PC 166(4) and Ca. PC 1368-1370, against the proscriptions of well-established Equal Protection and Due Process of Law.
>
> 2) The violation of that which is delineated in the Motion and #1 above is a policy, custom, or usage with respect to Defendants County of Kern and Crestwood Corporation, as alleged in the factual paragraphs and Counts of the Plaintiff's Amended Complaint, specifically, Counts III and IV.
>
> 3) Resolving this matter will help in providing a starting point for Fed.R.CIv.P. 16 and 26 matters for the other Counts as well.
>
> 4) Resolving this matter will help in resolving any Fed.R.Civ.P.12 or 56 attempts by defendants." (Doc. 36).

The Declaratory Judgment Act provides that a federal court may declare the parties' rights and other legal relations in a case of "actual controversy." 28 U.S.C.§ 2201(a). This "actual controversy" requirement is the same as the "case or controversy" requirement in Article III of the federal Constitution. Societe de Conditionnement en Aluminium v. Hunter Engineering Co., Inc., 655 F.2d 938, 942 (9th Cir. 1981). For an actual controversy to exist in the context of a declaratory relief action, the facts alleged must show that there is "a substantial controversy between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgement." Id. (citation omitted). Here, there currently is no substantial controversy between plaintiff and defendants "of sufficient immediacy and reality to warrant the issuance of a declaratory judgment" because there is no operative complaint in effect upon which to grant such relief. The district court granted defendants' motions to dismiss the first amended complaint with leave to amend, and to date, no further amended complaint has been filed. (Doc. 47).

///

///

---

[3] Rule 12 pertains to answers, replies, motions to dismiss, motions for judgment on the pleadings, motions for a more definitive statement, motions to strike, and defenses.

[4] Rule 56 pertains to motions for summary judgment.

Declaratory relief is discretionary in nature.  Government Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1223 (9th Cir. 1998)(en banc)(citation omitted)("The Act gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so.")  Rule 57 of the Federal Rules of Civil Procedure provides in relevant part that "[the existence of another adequate remedy does not preclude a judgment for declaratory relief *in cases where it is appropriate*."  (Italics added).  In exercising its discretion to decide whether to grant declaratory relief, the court must consider, among other factors, whether a declaratory judgment will serve a useful purpose.  See Wilton v. Seven Falls Co., 515 U.S. 277, 288, 115 S.Ct. 2137 (1995).  In this instance, plaintiff's "Rule 57 Motion" for a declaratory ruling or judgment is premature because,  in addition to the lack of an operative complaint, to the extent that it seeks  dispositive rulings on either the facts or the law on issues purportedly raised by declaratory-relief-related issues, those issues have not yet been properly brought before the court or resolved by admission of the defendants, stipulation of the parties, or a duly noticed motion filed in accordance with the yet to be issued scheduling order.[5]  Until a further and properly amended complaint, as well as responsive pleadings, i.e., answers,  have been filed, there is no basis upon which to grant the relief requested in plaintiff's "Rule 57 Motion."

**ORDER**

Baked on the foregoing, plaintiff's 1st Fed.R.Civ.P. 57 Motion - Length of Incarceration Set (Doc. 36) is DENIED, without prejudice.

IT IS SO ORDERED.

Dated:  **September 11, 2007**              /s/ Theresa A. Goldner
                                                                                UNITED STATES MAGISTRATE JUDGE

---

[5] Defendants suggest that plaintiff's motion might be construed as a motion for summary judgment.  Summary judgment is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed.R. Civ.P. 56; Celotex Corp. V. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548 (1986).  The court notes that even if the motion were construed in that manner, it is premature for the same reasons discussed above, and further, is defective because it fails to comply with the requirements of Rule 56.