1

2

3

4

5

6              IN THE UNITED STATES DISTRICT COURT FOR THE

7                     EASTERN DISTRICT OF CALIFORNIA

8

9  KERRY D. FRITZ II,              )     No. CV-F-07-377 OWW/TAG
                                    )
10                                  )     MEMORANDUM DECISION
                                    )     GRANTING DEFENDANTS' MOTIONS
11              Plaintiff,          )     TO DISMISS THIRD AMENDED
                                    )     COMPLAINT FOR FAILURE TO
12       vs.                        )     COMPLY WITH COURT ORDERS
                                    )     (Docs. 82, 83, 84 & 89) AND
13                                  )     DENYING PLAINTIFF'S MOTIONS
   COUNTY OF KERN, et al.,          )     TO STRIKE, FOR ADDITION OF
14                                  )     PARTIES DEFENDANT AND TO
                                    )     POSTPONE HEARING (Docs. 90,
15              Defendants.         )     91, 98 & 112) AND DIRECTING
                                    )     DEFENDANTS TO LODGE FORM OF
16  _____)     ORDER AND JUDGMENT

17

18

19

20       Pursuant to Memorandum Decision and Order filed on June 10,

21  2008 (Doc. 80) (hereinafter June 10 Decision,) Kerry D. Fritz II,

22  proceeding *in pro per*, filed a Third Amended Complaint (TAC) on

23  June 30, 2008.

24       The TAC names as defendants the County of Kern; Kern County

25  Public Defender Phillip Beglin;[1] Kern County Public Defender Dana

26  _____

   [1]Defendant Beglin's name is misspelled in the TAC as Begelin.

                                    1

1   Kinnison; Kern County Sheriff's Deputy Phillip Garza; Kern County

2   Sheriff's Sergeant Winnery; Kern County Sheriff's Commander Randy

3   Turman; Kern County Sheriff's Commander Wally Wahl; Kern County

4   Sheriff's Commander Rosemary Wahl; Kern County Forensics

5   Department Dr. Meghan Hamill; and Crestwood Behavioral Health

6   Services.  The TAC alleges that Plaintiff "brings this 42 U.S.C.

7   § 1983 suit for constitutional rights violations under the U.S.

8   federal jurisdiction codes 28 U.S.C. § 1331, § 1343(a)(3), and

9   supplemental jurisdictions under Id. § 1367 and § 1651."

10      A.   <u>PLAINTIFF'S REQUEST TO POSTPONE HEARING</u>.

11      Before the Court are the motions to dismiss or for more

12   definite statement filed by Defendants County of Kern; Beglin and

13   Kinnison; Garza; and Crestwood.  In addition to opposing these

14   motions, Plaintiff has filed a motion for addition of defendants,

15   and two motions to strike.  These motions were set for hearing on

16   January 26, 2009 at 10:00 a.m.

17      When the case was called at 11:30 a.m., Plaintiff did not

18   appear personally or telephonically.  Counsel for Defendants

19   advised that none had been contacted by Plaintiff prior to the

20   hearing.  Counsel for Defendants submitted the motions on their

21   briefs without further argument.  Unknown to the Court, Plaintiff

22   sent a handwritten communication on a torn piece of paper to the

23   Court, which was received by the Clerk's Office on January 23,

24   2009:[2]

25   _____

26      [2]Pursuant to the Kern County Superior Court's website, of
    which the Court may take judicial notice, *see* Fed. R. Evid. Rule

2

> **Plaintiff Fritz requests postponement due to Judge Phillips, Taft-Maricopa, County of Kern Superior Court, after unfair trial, would not stay sentence pending appeal and did not credit 6 days incarcerated [sic] prior to bail, inter alia, and therefore instead of being released on 01-16-09, will not be released until [probably] 01-27-09.**
>
> **Please copy & forward to opposing counsel.**

**Plaintiff's request for postponement of the hearing was not docketed until January 26, 2009 at 2:51 p.m. and was not seen by the Court until it was listed on the daily activity report dated January 27, 2009. The Court is not Plaintiff's secretarial service.**

**Even though Plaintiff was sentenced on January 8, 2009 to 30 days incarceration, Plaintiff did not file his request for postponement until the Friday before the hearing. Rule 5-135, Local Rules of Practice, requires service of all papers filed with the Court on opposing parties. Although Rule 6-144(c), Local Rules of Practice, permits the Court, in its discretion, to grant an *ex parte* request for an extension of time, it must be supported by affidavit explaining why a stipulation for extension of time could not be obtained and why the requested extension is**

---

**201(b); *United States v. Howard*, 381 F.3d 873, 876 n.1 (9th Cir.2004), Plaintiff was arrested on August 11, 2007 and was charged on August 14, 2007 with two counts of contempt of court/disobey court order in violation of California Penal Code § 166(a)(4), one count of threaten with intent to terrorize in violation of California Penal Code § 422, and one count of fight/challenge fight public place in violation of California Penal Code § 415(1). *People v. Fritz*, Case No. TM070145A. Plaintiff was acquitted of the violations of Sections 166(a)(4) and 415(1) and found guilty of violating Section 422. Plaintiff was sentenced on January 8, 2009 to 30 days in jail and three years probation.**

1   necessary.   Plaintiff's request is a handwritten letter which

2   makes no mention of any effort to contact opposing counsel.

3   Finally, the motions were taken under submission without oral

4   argument by Defendants; no party presented oral argument.   There

5   is no reason to re-set the hearing on the motions for oral

6   argument as none is necessary.[3]

7        Plaintiff's request to postpone the hearing is DENIED.

8        B.   Continued Incorporation by Reference; Plaintiff's

9   Motions to Strike.

10       In the August 30, 2007 and June 10, 2008 Memorandum

11   Decisions, the Court set forth the pleading standards under Rule

12   8(a)(2), Federal Rules of Civil Procedure.   The August 30

13   Decision stated:

14              The FAC is 94 pages long and is comprised of
                425 paragraphs which took over an hour for
15              the Court to read.   The portion of the FAC
                entitled "Common Factual Background" runs
16              from Paragraph 8 to Paragraph 397.   The
                "Common Factual Background" is essentially a
17              narrative description of virtually everything
                Plaintiff alleges happened to him, on a blow
18              by blow basis.   The FAC includes references
                to alleged events that preceded any
19              conceivable factual or legal basis for
                Plaintiff's claims and that have no real
20              relevance to his claims, references,
                practically word by word of conversations
21              Plaintiff allegedly had with numerous
                persons, letters that Plaintiff allegedly
22              wrote or received from various persons,
                telephone calls he allegedly made, references
23              to information that appears to have no

24   _____

25       [3]"[I]t is well settled that oral argument is not necessary to
     satisfy due process."  *Toquero v. I.N.S.*, 956 F.2d 193, 196 n.4 (9th
     Cir.1992), *citing Federal Communications Commission v. WJR, The*
26   *Goodwill Station,* 337 U.S. 265 (1949).

relevance or materiality to any claim(s) Plaintiff may be attempting to allege.  Both Defendants correctly argue that the FAC does not comply with Rule 8(a)(2).  The FAC appears to allege that Plaintiff was arrested without probable cause and/or on fabricated evidence for a misdemeanor violation of a temporary restraining order pursuant to California Penal Code § 166(4), which temporary restraining order was obtained against Plaintiff by one of his neighbors; that Plaintiff was subjected improperly to mental competency proceedings pursuant to California Penal Code § 1368, which resulted in his remand to Crestwood; that Plaintiff was kept at Crestwood longer than he would have been incarcerated if he had been convicted of violation of the temporary restraining order, which resulted in the dismissal of the misdemeanor charge; that, while detained at Lerdo, Plaintiff was denied x-rays for a back injury which would have shown that his back was broken; and that Plaintiff was denied the effective assistance of public defenders.

Plaintiff's oppositions to these motions are of little or no assistance to the Court.  For example, Plaintiff refers to the specificity requirements of Rule 9(b), Federal Rules of Civil Procedure.  However, the FAC is not based on fraud or mistake but based on alleged violations of constitutional rights.  Rule 9(b) does not apply.  Plaintiff refers to various treatises concerning pleading requirements.  However, this Court and Plaintiff are bound by the Federal Rules of Civil Procedure as construed by the Supreme Court and the Ninth Circuit.

Defendants cannot be expected to respond to a pleading of such length and prolixity, containing many irrelevancies and ambiguities.  Plaintiff is ordered to file a Second Amended Complaint.  The Second Amended Complaint must clearly and succinctly allege only those facts relevant to his claims, clearly name only those employees or officers of Defendants who Plaintiff contends violated his constitutional rights and what they did or did not do to violate his rights, and must

clearly state the legal basis for the claims.
A complaint is not a novel - background
allegations and evidentiary detail are simply
unnecessary and violate Rule 8(a)(2).  Short
and plain statements of the elements of the
claims showing that Plaintiff is entitled to
relief and giving the Defendants fair notice
of those claims are required.  Plaintiff is
advised that a continued failure to comply
with the requirements of Rule 8(a)(2) is
grounds for dismissal of an action without
further leave to amend.

The June 10 Decision dismissing the SAC with leave to amend
stated:

The SAC contains numerous procedurally
improper allegations.  Paragraph 10 alleges:
"All Counts/Causes of Action are based upon,
in part, Attachment C to docket entry # 38
and Attachment C to docket entry # 39 in this
action.  Counts/Cause of Action IV is based,
in part on the aforementioned, as well as
docket entry # 20-25."  The SAC also
incorporates by reference various paragraphs
alleged in the First Amended Complaint:

11) I.  Paragraphs 8 through 123
and paragraphs 139-140, 145-149,
153, 158-159, 161-162, 167, 170,
172, 200, 234, 250 and 256 of
docket entry #5 are hereby
incorporated by reference ....

...

27) II.  Paragraphs 141 through
143, 151, 186-187, 189-190, 199,
221-222, 228-233, 235-236, 252,
256-257, and 259-260 of docket
entry # 5 are hereby incorporated
by reference ....

...

30) III.  Paragraphs 263 through
386 of docket entry # 5 are hereby
incorporated by reference ....

...

6

38) IV.   Paragraphs 245 through
251, 253-254, and 261-387 of docket
entry # 5 are hereby incorporated
by reference ....

...

42) V.   Paragraphs 140, 148-150,
153 of docket entry # 5 are hereby
incorporated by reference ....

...

44) VI.   Factual paragraphs 133
through 136, 144-145, 168, 171,
173, 177-183, 185, 188, 191-198,
201-218, 223-227, 238-251, 253-254,
276-289, 286, 295, 299-300, 317-
319, 326, 342, 344-346, 350-352,
354, 360-364, 372-378, 380-381, and
386 of docket entry # 5 are hereby
incorporated by reference to this
count/cause of action ....

...

48) VII.   Paragraphs 3 through 421
and the materials referenced
therein of docket entry # 5 are
hereby incorporated by reference
herein ....

The SAC also contains numerous citations to
statutes and cases.

In the face of Defendants' objections to this
type of pleading that the SAC is vague,
ambiguous and confusing, Plaintiff asserts
that these objections are "inappropriate
considering Fritz, following the court's
order in docket entry # 49, only incorporated
anything by reference if the court or
opposing counsel had any questions and per
pleading standards Fritz had previously
argued for inclusion but was denied and
therefore only incorporated by reference."

Plaintiff cannot proceed in this action with
the SAC as it is presently pleaded.  Rule 15-
220, Local Rules of Practice, provides in
pertinent part:

> Unless prior approval to the contrary is obtained from the Court, every pleading to which an amendment ... has been allowed by Court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading.  No pleading shall be deemed supplemented until this Rule has been complied with.  All changed pleadings shall contain copies of all exhibits referred to in the changed pleading.

Plaintiff was specifically advised in the August 30 Decision:

> Although Plaintiff is proceeding *in pro per*, Plaintiff is required to familiarize himself and comply with the Federal Rules of Civil Procedure, the Local Rules of Practice for the Eastern District of California, and any Court orders.  Rule 83-183(a), Local Rules of Practice, provides in pertinent part:
>
>> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil ... Procedure and by these Local Rules.  All obligations placed on 'counsel' by these Local Rules apply to individuals appearing in <u>propria</u> <u>persona</u>.  Failure to comply therewith may be ground for dismissal ... or any other sanction appropriate under these Rules.

Neither Defendants nor the Court can evaluate and respond to the SAC as presently pleaded ....
...

8

The SAC intentionally evades [the August 30 Decision] ... by the expedient of incorporating all of the allegations of the FAC which violated  Rule 8(a)(2).  Plaintiff cannot proceed in this fashion.  This intentional evasion of the Court's express instructions to Plaintiff display willfulness and an intent to harass, which may be grounds for sanctions up to and including dismissal of the action with prejudice.

Defendants also understandably complain of the confusing format of the SAC.  It is extremely difficult to determine which averments pertain to which causes of action, what the causes of action are, and which defendants are sued in the respective causes of action.  Rule 10(b), Federal Rules of Civil Procedure, provides:

> All averments of claim ... shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances; and a paragraph may be referred to by number in all succeeding pleadings.  Each claim founded upon a separate transaction or occurrence ... shall be stated in a separate count ... whenever separation facilitates the clear presentation of the matters set forth.

The August 30 Decision clearly advised Plaintiff of the pleading requirements to satisfy Rule 8 and Plaintiff knowingly failed to comply.  The August 30 Decision stated:

> "Plaintiff is advised that a continued failure to comply with the requirements of Rule 8(a)(2) is grounds for dismissal of an action without further leave to amend."

Plaintiff must comply with Rule 8(a)(2).  Plaintiff cannot incorporate by reference allegations in prior pleadings. Plaintiff must allege only those *facts* which are necessary to allege the required elements of

9

1   the claims for relief he is alleging against
    the various Defendants; narrative, background
2   non-essential evidentiary allegations or
    citations to statutes or cases are not
3   authorized.  Plaintiff is advised that any
    continued failure to comply with Rule 8(a)(2)
4   will result in the dismissal of this action.

5   ...

6   6.  Plaintiff shall file a Third Amended
    Complaint as stated above ... There shall be
7   no further opportunities to correct the
    multitude of pleading defects about which
8   Plaintiff has been advised.

9  Notwithstanding the June 10 Decision, the TAC is replete

10 with allegations of statutory and case authority.  Further,

11 Exhibit H to the TAC is a photocopy of pages 13-19 of the SAC,

12 which in turn incorporates by reference numerous allegations of

13 the FAC.  Thus, the TAC alleges:

14   15) To the extent that a purpose or intent to
    discriminate must be shown as to the official
15   and personal capacity defendants under
    *Personnel Adm'r of Massachusetts v. Feeney*,
16   442 U.S. 256, 99 S.Ct. 2282 (1979); such acts
    are included under the official and/or
17   personal capacity defendants' separately-
    enumerated count(s), as well as the Second
18   Amended Complaint (SAC) at pp. 3-19, hereby
    incorporated by reference to [attached]
19   Exhibit H.

20   ...

21   25) Paragraphs 1 through 24 are hereby
    incorporated by reference, as are Exhibit H,
22   p. 4, lns. 2-7, Id. p. 5, lns. 1-7, and p. 7,
    lns. 1-20.  KCSD Deputy Phillip Garza's
23   actions of arresting Plaintiff Fritz on
    August 11th, 2007 were done for an improper
24   purpose or out of an improper motive in
    refusing to help Fritz arrest people who were
25   harassing him and trying to fight with him
    after disturbing his peace while he was
26   inside his house watching television, and

Deputy Garza did not believe Fritz to be guilty of the crimes he charged Fritz and such arrest was made only to harass Fritz and as a pretext in order to retaliate against Fritz for having related to his superiors that he did not respond at all after a similar incident by private individuals two weeks prior to his early August 2007 arrest of Fritz, ro any other protected activity Fritz was exercising or had exercised.

...

31) Paragraphs 1 and 2, 13 through 24, and 30 are hereby incorporated by reference. Crestwood policymakers were incompetent or deliberately disregarded Fritz's incorporated-by-reference rights in being involved in the County of Kern's policy of continuing to hold Fritz in custody past June 10th, 2006 maximum sentence allowable, and did so in violation of Federal and CA statutory law described in the attached Exhibit H, p. 8, lns. 18-23 to p.11, lns. 1-20.  In this Court Crestwood is sued under the right to privacy under the 9th Amendment to the Constitution coupled with the due process concerns/theories of well-established law such as *DeGrassi v. Cooke*, B136407 (CA2 Div.4) Super. Ct. No. KC028539 and Equal Protection cited in paragraphs 17 through 19, supra, in their objective to keep Fritz past the maximum sentence allowable period between June 10, 2006 and September 9th, 2006.  The force of this policy or usage between Kern County and Crestwood is apposite to Adickes v. Kress & CO. [sic], 398 U.S. 144 (1970), inter alia, and a reasonable private corporation in the profession of psychiatry would not be involved in a policy nexus with a County or State actor which they knew would violate professional standards as well as a person's constitutional make-up.

...

32) Paragraphs 1 and 2, 13-24 and 30-31 are hereby incorporated by reference.  Crestwood B.H.S. agents, subcontractors, administrators and/or policymakers Victoria Haner, Dr. Vaswani, and Administrator Laura Colins

11

having engaged in a concealed conspiracy and
reached a mutual understanding concerning the
unlawful objective in retaliation in spite of
Fritz's assertions and proofs of innocence
and for pointing out how Crestwood
subordinates or the Administrations [sic]
were violating CA Welfare & Institutions Code
§ 5325.1 as to others and; how his rights
were violated prior to commitment to their
facility via an itemized [sic] in a letter of
request for records from Crestwood
administrators under *Ruhlman v. Ulster County
Dept. of Social Services,* 234 F.Supp.2d 140
(N.D.N.Y.2002) and *Ruhlman v. Smith*, 323
F.Supp.2d 356 (N.D.N.Y.2004) in a letter
(hereby incorporated by reference to attached
Exhibit D) delivered on July 3rd, 2006.   The
cause of action is compensable under CA Civil
Code §§ 43, 52.1(a)(b), 52.3, and/or the
particular principles of Ca. Welfare &
Institutions Code §§ 5325(h)(i), 5325.1(c),
5326.3, 5326.5(b)(d), and 5326.55 with
respect to the County of Kern Patient Rights
Advocate Office and, Dr. Meghan Hamill, Count
of Kern Forensics Dept., not to be involved
in treatment decisions, inter alia within the
attached Exhibit H, p. 8, lns. 18-23 to p.
12, ln. 14.   These agents, employees,
subcontractors and/or policymaker's [sic]
decisions fell below their duty of care to
the Plaintiff and whoa care Fritz was
involuntarily placed into a position to rely
on Crestwood not to be entwined with the
local government in unlawful and
unconstitutional policies while using forced
medications as a pretext for chilling Fritz's
assertions of his above-stated, inter alia
[incorporated-by-reference] rights where they
knew Fritz was not psychotic and thereafter
did not succeed in their threat.

...

34) Paragraphs 1 through 30 are hereby
incorporated by reference.   Policymaker PD
Phil Begelin [sic], who began mandatory
representation of Fritz on January 19th,
2006, under repeated warnings from Fritz,
violated his duty to protect Fritz's
Procedural Due Process rights under the
principles espoused in *Sanders v. Shaw*, 244

U.S. 317, 37 S.Ct. 638, 61 L.Ed. 1163, where Fritz's liberty interest was violated in ways espoused in *Vitek v. Jones*, 445 U.S. 480, 493-94 (1980) when PD Begelin [sic] knew of evidence to support the presumption of Fritz's competency in the CA PC §§ 1368-1369 proceedings with respect to whether Fritz went to Indonesia or not (Exhibit F) and whether Fritz was innocent or nor (Exhibit E), and the failures of investigation was to Fritz's prejudice under principles and examples pointed out in *Snyder v. Commonwealth of Massachusetts,* 291 U.S. 97, 105 S.Ct. 330, 332, 78 L.Ed. 74, *Gaines v. Washington*, 277 U.S., [sic] 48 S.Ct. 468, 72 L.Ed. 793, *Holloway v. Arkansas*, 435 U.S. 475, 484 (1978) and other well-established law in the context of the two statutes the defendant acted under color of and, such as *Jackson v. Indiana*, 406 U.S. 715, 738 (1972), which resulted in a stigmatizing-plus cause of action for PD Begelin's [sic] part in subjecting Fritz to involuntary commitment to Crestwood and a longer period of incarceration as stated in the incorporated paragraphs 17, 18, and 19. A more detailed account of PD Begelin's [sic] representation failures of duty which caused Fritz to be subjected to the other County of Kern and Crestwood's policies, customs, or usages violations are hereby incorporated by reference to Exhibit H, pp. 14-15.

...

36) Paragraphs 1 through - [sic] are hereby incorporated by reference, Exhibit H, p. 16. PD Dana Kinnison violated and subjected Fritz t [sic] Crestwood and Dr. Meghan Hamill's concealed conspiracy on or about June 8th, 2006 and violated Fritz's Procedural, Substantive and Equal Protection 14th Amendment rights by not investigating the case after it was transferred to him on or about March 1st, 2006, nor did he consult with Fritz prior to representing him, and did not advise the Court on the maximum limits on the period of incarceration for even a CA PC § 166(a)(4) conviction in the CA PC §§ 1370 and 1170 and/or 2900.5 contexts and, did not make a motion for a constitutionally mandated

13

**[fair] hearing nor consult or advise Fritz on his rights to appeal, and a reasonable official would have known that his actions/non-actions would prejudice Fritz.**

**...**

**39) Paragraphs 1 through 37 are hereby incorporated by reference.  Kern County Public Defender's Office does not train, control, or supervise their subordinates and/or allowed PD's Begelin [sic] and Kinnison to promulgate the policy choices which were adopted by the County Bd. of Supervisors (see attached Exhibit C), even after Fritz had written a note to that office on or about January 20th, 2006 in the CA PC § 1368, et al [sic] proceedings.  Leslie Greer and Cynda Bunton and Office of County Counsel and the Kern County Board of Supervisors allowed their subordinates in this case to act in ways akin to the examples of case law comparable to attorney malpractice and ineffective assistance of counsel and which were the proximate cause of Fritz's prolonged pretrial incarceration and, allowed or condoned the constitutionally violative acts or omissions listed herein of the individual defendants within the above-referenced paragraphs and attached Exhibit H, p.p. 14-16.  Reasonable supervisory officials would have known theirs [sic] subordinates [sic] acts or omissions to act, inter alia, were prejudicial to Fritz's Procedural and Substantive Due Process Rights as well as his rights to Equal Protection under 14th Amendment well-established law and, violated representational duties to Fritz.**

In their motions, Defendants argue that dismissal of the TAC pursuant to Rule 41(b), Federal Rules of Civil Procedure, is required because of Plaintiff's incorporation of the allegations of the FAC and the SAC by including the SAC as an exhibit to the TAC in violation of the June 10 Decision.  *See discussion infra.*

Plaintiff responds by filing a motion to strike pursuant to

1  Rule 12(f), Federal Rules of Civil Procedure.   (Doc. 90)

2  Plaintiff asserts:

3          Although Defendants generally appear to
           allege that Fritz has attempted to
4          incorporate by reference to the FAC, Fritz
           expressly states that Defendants' references
5          to the Fritz [sic] referring to the FAC is
           purely a mistaken impression or willful
6          disregard of the TAC's incorporation of the
           Sac [sic] in accordance with docket entry #77
7          in this matter, specifically instructing
           Plaintiff to include copies of what he refers
8          to in the TAC as Exhibits, and which follows
           the language of the Rule provided for in the
9          ORDER.

10      Doc. 77 is the June 10 Decision, wherein the Court, in

11  ruling that Plaintiff could not incorporate by reference into the

12  SAC allegations from the FAC, cited Rule 15-220, Local Rules of

13  Practice:

14          Unless prior approval to the contrary is
           obtained from the Court, every pleading to
15          which an amendment ... has been allowed by
           Court order shall be retyped and filed so
16          that it is complete in itself without
           reference to the prior or superseded
17          pleading.  No pleading shall be deemed
           supplemented until this Rule has been
18          complied with.  All changed pleadings shall
           contain copies of all exhibits referred to in
19          the changed pleading.

20      Plaintiff's position is outrageous and without merit.  The

21  June 10 Decision expressly advised Plaintiff that he could not

22  evade the requirements of Rule 8(a)(2) set forth in the August 30

23  Decision by incorporating the allegations of the FAC by

24  reference.  Copying a portion of the SAC, which in turn

25  incorporates certain allegations of the FAC, attaching that copy

26  as an exhibit to the TAC and then referring to those allegations

15

set forth in that exhibit again constitutes a willful refusal to comply with the June 10 Decision.

In *Hearns v. San Bernardino Police Department*, 530 F.3d 1124 (9th Cir.2008), the District Court dismissed the Plaintiff's 81-page complaint under Rule 8(a)(2) with leave to amend.  When Plaintiff filed an amended complaint that was substantially unaltered, the District Court dismissed the case with prejudice.  The Ninth Circuit reversed, holding:

> As regards the application of Federal Rule of Civil Procedure 8(a), the original complaint and the FAC are essentially identical.  The FAC is 68 pages long.  The first four pages name and identify Plaintiff and 10 Defendants.  The next 42 pages, captioned 'Factual Background,' relate Plaintiff's 17-year history as a police officer and sergeant.  The remaining 22 pages allege 17 different federal and state claims, clearly identifying each claim and each Defendant named in a particular claim.  Other than the hostile workplace claim, no claim is more than nine paragraphs.
>
> On appeal, Defendants do not attempt to identify particular allegations as immaterial or unnecessary.  They do not assert that the complaint fails to set forth cognizable causes of action, that the legal theories are incoherent, or that they cannot tell which causes of action are alleged against which Defendants.  They simply object that the complaint provides too much factual detail.  The part that has been attacked as prolix is the Factual Background section, reciting Plaintiff's education, military service, training, promotion and demotion history, and discrimination incidents.  We reject Defendants' argument and conclude that neither complaint violated Rule 8(a).
>
> We affirmed a district court's dismissal on Rule 8 grounds in *McHenry v. Renne*, 84 F.3d 1172 (9th Cir.1996).  Not only was the first

complaint at issue in that case lengthy; it
set out claims in two sentences, which
comprised 30 lines, without specifying which
of the 20 named defendants were liable for
which claims.  *Id.* at 1174.  To make matters
worse, in response to the district court's
order to file an amended complaint '"which
clearly and concisely explains which
allegations are relevant to which
defendants,"' the plaintiff filed an amended
complaint that was longer than the first
complaint.  *Id.* ... The district court then
gave the plaintiffs a final opportunity to
file a proper complaint '"which states
clearly how each and every defendant is
alleged to have violated plaintiffs' legal
rights ... [P]laintiffs would be well advised
to edit or eliminate their twenty-six page
introduction and focus on linking their
factual allegations to actual legal claims."'
*Id.* at 1176 ... We affirmed the district
court's dismissal of the final amended
complaint, which we described as
'argumentative, prolix, replete with
redundance, and largely irrelevant,' *id.* at
1177, noting that '[o]nly by months or years
of discovery and motions [could] each
defendant find out what he is being sued
for,' *id.* at 1178.  Considering Rule 41(b),
we concluded that the district court had not
abused its discretion because it had already
given the plaintiffs multiple opportunities
to comply, along with specific instructions
on how to correct the complaint.  *Id.* at
1178-79.

In *Nevijel*, 651 F.2d 671, we upheld a Rule
8(a) dismissal of a 48-page complaint that
contained an additional 23 pages of addenda
and exhibits.  The complaint was
characterized as '"verbose, confusing and
almost entirely conclusory."' *Id.* at 674.
After the district court dismissed the
original complaint without prejudice, the
plaintiff filed a late amended complaint that
'named additional defendants without leave of
court, and was equally verbose, confusing and
conclusory as the initial complaint.'  *Id.*
We found no abuse of discretion because the
district court provided 'reasonable
opportunities and alternatives' before

17

dismissing with prejudice; in light of the fact that the plaintiff offered no excuse for the late filing and utterly failed to comply with the district court's order, there was no reason to think that an additional opportunity would yield different results. *See id.*

In *Schmidt*, the complaint was 30 pages long. It was 'impossible to designate the cause or causes of action attempted to be alleged in the complaint.' 614 F.2d at 1223. The complaint was described as a 'confusing statement of a non-existing cause of action' and as 'confusing, distracting, ambiguous, and unintelligible.' *Id.* at 1224. Additionally, the complaint's conclusory allegations did not satisfy the heightened pleading requirement for averments of fraud. *Id.* The Ninth Circuit upheld the dismissal of the action following two amendments of the original complaint. *Id.* at 1233-34.

In *Gillibeau v. City of Richmond*, 417 F.2d 426, 431-32 (9th Cir.1969), one of the claims named seven defendants. As to only one of these defendants, that claim was dismissed for failing to comply with Rule 8(a)(2). The court reversed the dismissal based on Rule 8(a)(2). In doing so, this court stated that 'a dismissal for a violation under Rule 8(a)(2) is usually confined to instances in which the complaint is so "verbose, confused and redundant that its true substance, if any, is well disguised."' *Id.* at 431 ... The claim at issue did not satisfy those criteria.

Defendants cite a 1964 decision of this court which upheld the dismissal of a 55-page complaint for violating Rule 8(a) and the subsequent dismissal of the case when the plaintiff failed to file any new pleading by two and one-half months after the date set for filing an amended complaint. *See Agnew v. Moody*, 330 F.2d 868, 870-71 (9th Cir.1964). The case provides only a brief statement of the holding that the complaint did not comply with Rule 8(a).

The complaint was dismissed as to

18

the arresting officers for failure
to satisfy the requirement of Rule
8(a) that it contain 'a short and
plain statement of the claim.'
Although the elements and factual
context of appellant's claim for
relief were simple, the complaint
extended over fifty-five pages,
excluding the prayer and exhibits.
Making full allowance for whatever
additional verbiage appellant might
be permitted in view of the many
decisions emphasizing the need for
specificity in pleadings under the
Civil Rights Act (*Stiltner v. Rhay*,
322 F.2d 314, 316 n.4 (9th
Cir.1963), the district court was
entirely justified in holding that
the complaint did not comply with
Rule 8(a), and in ordering
appellant to replead.

*Id.* at 870.

Unlike the facts here, the plaintiff in *Agnew*
never filed an amended complaint as had been
ordered.  *Agnew* cannot fairly be read as
holding that excessive length, by itself, is
a sufficient basis for finding a violation of
Rule 8(a).  Two Ninth Circuit cases decided
shortly after *Agnew* characterize the holding
of *Agnew* as being limited to a complaint that
is 'so verbose, confused and redundant that
its true substance, if any, is well
disguised.'  *Gillibeau*, 417 F.2d at 431;
*Corcoran*, 347 F.2d at 223.  *Agnew* has never
been cited by this court as standing for the
proposition that a complaint may be found to
be in violation of Rule 8(a)(2) solely based
on excessive length, nor does any other Ninth
Circuit case contain such a holding.

...

By contrast, the complaint at issue here was
not 'replete with redundancy and largely
irrelevant.'  *Cf. McHenry*, 84 F.3d at 1177.
It set out more factual detail than
necessary, but the overview was relevant to
Plaintiff's causes of action for employment
discrimination.  Nor was it 'confusing and

19

conclusory.' *Cf. Nevijel*, 651 F.2d at 674. The complaint is logically organized, divided into a description of the parties, a chronological factual background, and a presentation of enumerated legal claims, each of which lists the liable Defendants and the legal basis therefore.  The FAC and the original complaint contain excessive factual detail, but are intelligible and clearly delineate the claims and the Defendants against whom the claims are made.  These facts distinguish this complaint from the ones that concern the dissent.  Here, the Defendants should have no difficulty in responding to the claims with an answer and/or with a Rule 12(b)(6) motion to dismiss.

The district court also has ample remedial authority to relieve a defendant of the burden of responding to a complaint with excessive factual detail.  One option would have been to simply strike the surplusage from the FAC ... Many or all of the paragraphs from 33 through 207 of the FAC, covering 38 pages, could have been stricken.  Alternatively, the judge could have excused Defendants from answering those paragraphs.

Because dismissal with prejudice is a harsh remedy, our precedent is clear that the district court 'should first consider less drastic sanctions.'  *McHenry*, 84 F.3d at 1178.  In weighing possible alternatives against the consequences of dismissal with prejudice, the district court should consider, for example, whether 'public policy strongly favor[s] resolution of this dispute on the merits.' *Duhl v. City of Huntington Beach*, 84 F.3d 363, 366 (9th Cir.1968).  The court should also consider whether 'dismissal [would] severely penalize[] plaintiffs ... for the counsels' bad behavior.' *Id.* at 366; *cf. Al-Torki v. Kaempen*, 78 F.3d 1381, 1383-85 (9th Cir.1996)(affirming dismissal with prejudice when plaintiff's own conduct violated court orders).  Even when the litigant is the one actually responsible for failure to comply with a court's order, which evidence before the court did not show in the situation here, '[t]he sanction of dismissal

20

1
2
3
4
5
6
7
8
9
10

> should be imposed only if the deceptive
> conduct is willful, in bad faith, or relates
> to the matters in controversy in such a way
> as to interfere with the rightful decision of
> the case.'  *United States v. Nat'l Med.*
> *Enters., Inc.*, 792 F.2d 906, 912 (9th
> Cir.1986) ...; *see also Hamilton Copper &*
> *Steel Corp. v. Primary Steel, Inc.*, 898 F.2d
> 1428, 1430 (9th Cir.1990)(noting that even in
> light of party's misconduct, district court
> should generally consider alternatives to
> dismissal with prejudice).
>
> The district court abused its discretion by
> imposing the sanction of dismissal with
> prejudice instead of imposing a less drastic
> alternative.  Plaintiff's complaints were
> long but intelligible and allege viable,
> coherent claims.

11  530 F.3d at 1130-1133.

12      *Hearns* is distinguishable and does not control resolution of

13  Defendants' requests for dismissal of this action because of

14  Plaintiff's repeated willful, bad faith failures to comply with

15  the Court's orders.  The FAC and the SAC were not dismissed

16  merely because they were long.  As detailed in the August 30

17  Decision, the FAC was unduly lengthy and prolix, included

18  numerous irrelevant and immaterial allegations, legal citations,

19  and was confusing and ambiguous.  The August 30 Decision

20  specifically advised Plaintiff of the pleading defects and what

21  Plaintiff needed to plead to rectify them, and gave Plaintiff the

22  opportunity to file the SAC.  In the SAC, Plaintiff ignored the

23  Court's rulings in the August 30 Decision by incorporating the

24  allegations of the FAC by reference.  Again, the SAC was not

25  dismissed merely because of its length, but because of

26  Plaintiff's willful failure to comply with the August 30 Decision

21

and to concisely state his claims in a clear and understandable manner.   The SAC incorporated by reference numerous allegations of the TAC, many of which are immaterial, irrelevant, confusing, and prolix.   The SAC did not in any way correct the pleading deficiencies described in the August 30 Decision.   In addition, the allegations of the SAC contained numerous citations to case and statutory authority.   In the June 10 Decision, Plaintiff was again specifically advised of the pleading requirements and given a third opportunity to correct those deficiencies.   The TAC does not correct those deficiencies.   It exacerbates them by attaching as an exhibit allegations from the FAC and the SAC, resulting in a pleading that is replete with irrelevant and immaterial matter, is confusing, ambiguous and prolix.   Because Plaintiff has twice been advised of the pleading deficiencies and given two prior opportunities to correct them, and warned of the consequences of dismissal if he failed to correct the pleading, Plaintiff's continued refusal to comply with the August 30 and June 10 Decisions is willful and vexatious.

Plaintiff cannot excuse his failures to comply with the August 30 and June 10 Decisions because of his *pro per* status or "ignorance of the law."   Attached as Exhibit A to the motions to dismiss are copies of decisions entered in *Kerry D. Fritz II v. Mauri Bond, et al.*, No. CV-95-1409, in the United States District Court for the Eastern District of Pennsylvania.   Attached as Exhibit B to the motion to dismiss are copies of the dockets and various rulings by the United States Court of Appeals for the

1  Third Circuit in *Kerry D. Fritz II v. Lancaster County, et al.*,

2  regarding Plaintiff's appeal from No. CV-F-96-4796, United States

3  District Court for the Eastern District of Pennsylvania.

4  Attached as Exhibit C to the motions to dismiss is a copy of a

5  ruling in *In re Kerry D. Fritz II*, Case No. 98-41, in the United

6  States District Court for the Eastern District of Pennsylvania.

7      A court may take judicial notice of another court's opinion

8  or orders, but not the truth of the facts recited therein.  *See*

9  *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir.2001).

10 These opinions and orders demonstrate that Plaintiff, although

11 proceeding *in pro per*, is not a novice to litigation in the

12 federal courts.[4]

13     Rule 41(b) provides that, "[f]or failure of the plaintiff

14 ... to comply with [the Federal Rules of Civil Procedure] or a

15 court order, a defendant may move to dismiss the action or any

16 claim against it."  In addition, District Courts have inherent

17 power to control their dockets.  In the exercise of that power,

18 they may impose sanctions including, where appropriate,

19 dismissal.  *Thompson v. Housing Auth. of Los Angeles*, 782 F.2d

20 829, 831 (9th Cir.), *cert. denied*, 479 U.S. 829 (1986).

21 Before imposing dismissal as a sanction the Court must weigh the

22

23     [4]Plaintiff moves to strike Exhibits A, B, and C because the
   decisions in those cases were unpublished and/or the issues were
24 never actually litigated.  Plaintiff's motion to strike the
   exhibits on these grounds is DENIED.  Defendants submitted the
25 exhibits of which the Court takes judicial notice to demonstrate
   that Plaintiff has had prior experience in litigating cases in
26 federal court.

public's interest in expeditious resolution of litigation; the court's need to manage its docket; the risk of prejudice to the defendants; the public policy favoring disposition of cases on their merits; and the availability of less drastic sanctions. Dismissal as a sanction should be imposed only in extreme circumstances. *Id.* Resolution of a Rule 41(b) motion to dismiss usually depends on the third and fifth factors, as the first two usually favor dismissal for violation of a court order, while the fourth factor usually weighs against dismissal, *Computer Task Group, Inc. v. Brotby*, 364 F.3d 1112, 1115 (9th Cir.2004). The Ninth Circuit holds that it "may affirm a dismissal where at least four factors support dismissal ... or where at least three factors 'strongly' support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998).

The Court finds that the public's interest in expeditiously resolving this litigation weighs in favor of dismissal. This action was commenced on March 9, 2007, almost two years ago. Because of Plaintiff's repeated failures to comply with the Court's orders concerning the requirements of pleading under Rule 8(a)(2) and Rule 15-220, Local Rules of Practice, there is no operative complaint in this action, a scheduling conference cannot be conducted, and no discovery or other pre-trial proceedings have occurred. The unnecessary complexity and prolixity of Plaintiff's FAC, SAC and TAC have burdened the adverse parties and the Court by unjustifiably multiplying the litigation.

The Court's need to manage its docket also weighs in favor of dismissal.  The Court's docket is very crowded, its caseload heavy and the docket cannot be managed efficiently if Plaintiffs, as here, willfully and repeatedly refuse to comply with Court orders concerning pleading requirements.  *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir.2002), *cert. denied*, 538 U.S. 909 (2003) ("Pagtalunan's petition has consumed some of the court's time that could have been devoted to other cases on the docket"); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992)("It is incumbent upon us to preserve the district courts' power to manage their dockets without being subject to the endless vexatious noncompliance of litigants like Ferdik").

The risk of prejudice to Defendants weighs in favor of dismissal.  In determining whether Defendants have been prejudiced, the Court considers whether Plaintiff's actions have impaired the Defendants' ability to go to trial or threaten to interfere with the rightful decision of the case.  The action was filed almost two years ago and pertains to actions or inactions occurred in late December 2005 through September 2006.  Defendants are not yet presented with an operative complaint and the case is nowhere near being at issue or ready for the initial pretrial conference.

The public policy favoring disposition of cases on their merits usually weighs against dismissal.  *Hyde & Drath v. Baker*, 24 F.3d 1162, 1167 (9th Cir.1994).  The "policy favoring

resolution on the merits 'is particularly important in civil
rights cases.'" *Hernandez v. City of El Monte*, 138 F.3d 393, 399
(9th Cir.1998).

    With regard to the availability of lesser sanctions, "'[t]he
district court abuses its discretion if it imposes a sanction of
dismissal without first considering the impact of the sanction
and the adequacy of less drastic sanctions.'" *Malone v. U.S.
Postal Service,*, 833 F.2d 128, 131 (9th Cir.1987), *cert. denied*,
488 U.S. 819 (1988). "Warning that failure to obey a court order
will result in dismissal can itself meet the 'consideration of
alternatives' requirement." *In re Phenylpropanolamine (PPA)
Products Liability Litigation,* 460 F.3d 1217, 1229 (9th
Cir.2006); *Malone v. U.S. Postal Service, id*. at 132. The August
30 Decision specifically stated: "Plaintiff is advised that a
continued failure to comply with the requirements of Rule 8(a)(2)
is grounds for dismissal of an action without further leave to
amend." The June 10 Decision stated:

> Plaintiff must comply with Rule 8(a)(2).
> Plaintiff cannot incorporate by reference
> allegations in prior pleadings. Plaintiff
> must allege only those *facts* which are
> necessary to allege the required elements of
> the claims for relief he is alleging against
> the various Defendants; narrative, background
> non-essential evidentiary allegations or
> citations to statutes or cases are not
> authorized. Plaintiff is advised that any
> continued failure to comply with Rule 8(a)(2)
> will result in the dismissal of this action.
>
> ...
>
> There shall be no further opportunities to
> correct the multitude of pleading defects

about which Plaintiff has been advised.

Plaintiff contends that the references in the TAC to the FAC and the SAC should be stricken:

> To the Extent the Defendants accuse Fritz of the FAC inclusion, whether mistakenly or for an improper purpose of attempting to get the Court to sanction Plaintiff Fritz, it would be unfair prejudice not to strike those portions of the TAC's SAC incorporation by reference and copy supplied, which reference the FAC, as well as not striking those portions of defense counsel [sic] briefs mentioning the FAC.

Plaintiff has been twice advised of the pleading requirements and has willfully and consciously ignored the Court's orders.  Striking the allegations of the FAC and SAC set forth in Exhibit H will not rectify Plaintiff's violation of the June 10 Decision because the TAC refers to those allegations in purporting to state claims against the Defendants.

Plaintiff's violations of the August 30 and June 10 Decisions are willful and vexatious.  Plaintiff was twice warned that the action would be dismissed if he did not comply with the Court's orders to make the complaint concise and understandable. Four of the five factors weigh in favor of dismissal of this case pursuant to Rule 41(b) and the Court's inherent power. Plaintiff's failure to comply with the August 30 and June 10 Decisions are in effect challenges to those rulings and evidence that Plaintiff is going to do it his way, the Federal Rules of Civil Procedure and Court Orders notwithstanding.

Plaintiff has had three opportunities to plead a concise and

27

understandable complaint.  He refuses to do so.  His conduct establishes that he will not follow the Court's orders.  This requires that Plaintiff's right to pursue this litigation be precluded by reason of his willful disobedience of Court orders.

<u>CONCLUSION</u>

For the reasons stated:

1.  Defendants' motions to dismiss are GRANTED pursuant to Rule 41(b), Federal Rules of Civil Procedure, and the Court's inherent power;

2.  Plaintiff's motions to strike are DENIED;

3.  Plaintiff's motion for addition of parties defendant is DENIED;

4.  Plaintiff's motion for postponement of hearing is DENIED;

5.  Counsel for Defendants are ordered to lodge a form of order consistent with this Memorandum Decision and directing entry of judgment by the Clerk of the Court within five (5) court days of service of this Memorandum Decision.

IT IS SO ORDERED.

Dated:   **February 11, 2009**                      **/s/ Oliver W. Wanger**
                                         UNITED STATES DISTRICT JUDGE

28