1  B.C. BARMANN, SR., COUNTY COUNSEL
   COUNTY OF KERN, STATE OF CALIFORNIA
2  By Andrew C. Thomson, Deputy (Bar # 149057)
   County Administrative Center
3  1115 Truxtun Avenue, Fourth Floor
   Bakersfield, California  93301
4  Telephone:  (661) 868-3800
   Facsimile:  (661) 868-3805
5
   Attorney for Defendants,
6  County of Kern, Philip Garza,
   Philip Beglin and Dana Kinnison
7

8                UNITED STATES DISTRICT COURT

9                EASTERN DISTRICT OF CALIFORNIA

| Kerry D. Fritz II, | CASE NO. CV-F-07-00377 OWW TAG |
|---|---|
| Plaintiff, | RULING AND ORDER |
| v. | |
| Kern County CA, Crestwood Behavioral Health Inc.; Superior Court of California, County of Kern; Deputy Philip Garza; Attorney Phil Begelin; Attorney Dana Kinnison; | |
| Defendants. | |

**COME NOW**, Defendants County of Kern, Philip Garza, Philip Beglin and Dana Kinnison and, pursuant to the Court's February 13, 2009 Memorandum of Decision Granting Defendants' Motions to Dismiss Third Amended Complaint (Docket Document # 113), lodge the following Ruling and Order directing dismissal of the Third Amended Complaint and entry of judgement for Defendants by the Clerk of the Court.

Dated: February 18, 2009            B.C. BARMANN, SR., COUNTY COUNSEL


                                    By:  /s/ Andrew C. Thomson
                                         Andrew C. Thomson, Deputy
                                         Attorney for Defendants County of Kern
                                         Philip Garza, Philip Beglin,
                                         Dana Kinnison

#07cv377.ruling.o.wpd

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| Kerry D. Fritz II, | CASE NO. CV-F-07-00377 OWW TAG |
|---|---|
| Plaintiff, | RULING AND ORDER |
| v. | |
| Kern County CA, Crestwood Behavioral Health Inc.; Superior Court of California, County of Kern; Deputy Philip Garza; Attorney Phil Begelin; Attorney Dana Kinnison; | |
| Defendants. | |

On January 26, 2009 the following Motions came on regularly for hearing in Courtroom 3 of the above-entitled court before the Honorable Oliver W. Wanger presiding:

1. Defendant Crestwood's FRCP 12(b)(6) Motion to Dismiss;

2. Defendant Garza's FRCP 12(b)(6) and 12(e) Motion to Dismiss and/or For a More Definitive Statement;

3. Defendants Beglin and Kinnison's FRCP 12(b)(6) and 12(e) Motion to Dismiss and/or For a More Definitive Statement;

4. Defendant County of Kern's FRCP 12(e) Motion For a More Definitive Statement;

5. Plaintiff Fritz's Motion to Strike Portions of the Third Amended Complaint (hereinafter "TAC");

6. Plaintiff Fritz's Motion to Strike Portions of the Defendants' FRCP 12(b)(6) and/or 12(e) Motions to Dismiss and/or For a More Definitive Statement; and,

1

---

1  7.   Plaintiff Fritz's Motion to Add Additional Defendants.

Counsel appeared as follows: Plaintiff, in pro se, failed to appeared; Defendant Crestwood appeared by counsel Peter C. Labrador of the Law Office of Peter C. Labrador; and, Defendants County of Kern, Phillip Garza, Philip Beglin and Dana Kinnison appeared by Deputy County Counsel Andrew C. Thomson of the Office of Kern County Counsel.

No party presented oral argument at the hearing, and the matter was submitted on the on the moving papers.

Having considered all of the evidence set forth in the moving, opposition and reply papers submitted, and the inferences reasonably deducible therefrom, the Court pursuant to FRCP Rule 41(b) and its own inherent powers dismisses Plaintiff's Third Amended Complaint with prejudice, grants Defendants' respective motions to dismiss, denies Plaintiff's Motions to Strike Portions of the Third Amended Complaint, denies Plaintiff's Motion to Strike Portions of Defendants' Motions to Dismiss and/or For More Definitive Statements, and denies Plaintiff's Motion to Add Additional Parties, and rules that Defendants, and each of them, are entitled to judgment as a matter of law.

Based on the pleadings, along with all moving, opposition and reply papers, the Court, in support of the Ruling, finds as follows:

1.   That Plaintiff failed to comply with the Court's June 10, 2008 Memorandum of Decision Dismissing the Second Amended Complaint since it was unduly long, prolix, confusing, ambiguous, incorporates irrelevant and immaterial allegations, incorporates irrelevant and immaterial legal citations, and incorporates numerous allegations by reference to prior complaints, amended complaints and other materials;

2.   That Plaintiff had previously failed to comply with the Court's August 30, 2007 Memorandum of Decision Dismissing the First Amended Complaint since it was unduly long, prolix, confusing, ambiguous, incorporated irrelevant and immaterial allegations, incorporated irrelevant and immaterial legal citations, and incorporated numerous allegations by reference to the prior complaint and other materials;

///

3. That Plaintiff's repeated and willful failures to comply with the Court's Orders were wilful and vexatious;

4. That Plaintiff, as an "in pro se" litigant in federal court, has litigated matters in federal court, including the following:

    a. *Kerry Fritz v. Mauri Bond, et al.*, United States District Court for the Eastern District of Pennsylvania, Case No. CV-95-1409,

    b. *Kerry Fritz v. Lancaster County, et al.*, United States Court of Appeals for the Third Circuit, appealing United States District Court for the Eastern District of Pennsylvania, Case No. CV-96-4796,

    c. *In Re Kerry Fritz*, United States District Court for the Eastern District of Pennsylvania, Case No. 98-41;

5. That Plaintiff, as an "in pro se" litigant in federal court, is not a novice and has prior experience in litigating cases in federal court;

6. That the relevant factors have been weighed and are, as follows:

    a. The public's interest in expeditious resolution of litigation weighs in favor of dismissal since the unnecessary complexity and proclivity of Plaintiff's repeated amended complaints have burdened the defendants by unjustifiably multiplying the litigation,

    b. The Court's need to manage its docket weighs in favor of dismissal since the Court's docket is very crowded, its caseload heavy and the docket and caseload can not be managed efficiently if a plaintiff, such as Kerry Fritz, wilfully and repeatedly refuses to comply with the Court's orders,

    c. The risk of prejudice to the defendants weighs in favor of dismissal since the Plaintiff's actions in refusing to comply with the Court's Orders have impaired the Defendants ability to go to trial, impaired Defendants' ability to prepare for trial due to the intervening time since the incident, and will interfere with a rightful decision in the case,

///

---
**RULING AND ORDER**

     d.    The public policy favoring disposition on the merits weighs against dismissal since resolution on the merits is favored in civil rights cases, and,

     e.    The availability of less drastic sanctions weighs in favor of dismissal since the Court's prior orders have been repeatedly, willfully and consciously ignored, the violations of the prior orders are wilful and vexatious, and Plaintiff has been repeatedly warned that the matter would be dismissed if the subsequent amended complaints were not concise and understandable;

7. That four of the five factors weighed in support of dismissal pursuant to FRCP Rule 41(b) and the Court's inherent power;

8. That Plaintiff's failure to comply with the prior orders are in effect challenges to those orders and constitutes evidence that Plaintiff is going to proceed in the manner he chooses, the Federal Rules of Civil Procedure and the Court's Orders not withstanding;

9. That Plaintiff's right to pursue this litigation should be precluded by reason of his willful disobedience of the Court's Orders.

10. That the matters before the Court have been concluded, as follows:

    1.    Plaintiff's Third Amended Complaint is dismissed with prejudice pursuant to FRCP Rule 41(b) and the Court's inherent power;

    2.    Defendants Motions to Dismiss are granted with prejudice;

    3.    Plaintiff's Motions to Strike are denied;

    4.    Plaintiff's Motion to Add Additional Parties is denied;

    5.    Plaintiff's Motion to Postpone the Hearing is denied;

    6.    The Clerk of the Court is directed to enter judgement for each and every Defendant, and against Plaintiff Kerry Fritz.

///
///
///
///
///

# ORDER

For good cause shown,

**IT IS HEREBY ORDERED:**

**Plaintiff's Third Amended Complaint is dismissed with prejudice pursuant to FRCP Rule 41(b) and the Court's inherent power, and the Clerk of the Court is directed to enter judgement for each and every Defendant, and against Plaintiff Kerry Fritz.**

IT IS SO ORDERED.

Dated: February 23, 2009

                                          /s/ OLIVER W. WANGER
                                          HONORABLE OLIVER W. WANGER
                                          U.S. DISTRICT JUDGE